# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SANTOS CUEVAS**, | Case No. 6:18-cv-140-JE |
| Petitioner, | **ORDER** |
| v. | |
| **BRANDON KELLY**, | |
| Respondent. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John Jelderks issued Findings and Recommendation in this case on April 16, 2018 (ECF 15), and Supplemental Findings and Recommendation on April 19, 2018 (ECF 19). Judge Jelderks recommended that Petitioner's petition for writ of habeas corpus be dismissed without prejudice, that his motion for conditional abeyance (ECF 9) and motion to quash DOJ's motion to dismiss (ECF 14) be denied, and that Petitioner's motion for injunctive relief (ECF 8) be denied as moot. Judge Jelderks also recommended that that Petitioner's motion to disqualify the Department of Justice, for the presiding judge to recuse himself, and for judgment on the pleadings (ECF 18) be denied. Additionally, Petitioner's "motion for DOJ to show cause on pleadings of the petition and order," filed after Judge Jelderks' Findings and Recommendations, has been referred to the Court for review. Petitioner

has also filed a motion for court-appointed counsel (ECF 23) and a motion to set aside all Findings and Recommendations and to restrain DOJ enforcement of certain laws (ECF 27).

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). Petitioner timely objected to Judge Jelderks' recommendations. ECF 24, 25. The Court has reviewed *de novo* Judge Jelderks' Findings and Recommendations as well as Petitioner's objections and Respondent's response. The Court agrees with Judge Jelderks' reasoning and conclusions.

Judge Jelderks noted that denying Petitioner's motion to disqualify DOJ (ECF 18) triggers Petitioner's motion for the Court to recuse itself (ECF 18). The Court concludes that Petitioner has not demonstrated cause for the Court to recuse itself. Before the Court is also Petitioner's "motion for DOJ to show cause on pleadings of the petition and order" (ECF 22). The Court denies this motion as moot.

Petitioner has also filed a motion for court-appointed counsel (ECF 23), and noted that the on April 25, 2018, he spoke with someone at the Federal Public Defender's Office who indicated that the office would be sending a letter of recommendation that Petitioner be appointed counsel. The Court has not received any such letter at this time, and concludes that, at this time, court-appointed counsel is not warranted. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). The Court has discretion, however, under 28 U.S.C. § 1915(e) to appoint volunteer counsel for indigent civil litigants in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th

Cir. 2009); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). In determining whether exceptional circumstances exist, a court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Agyeman*, 390 F.3d at 1103. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Judge Jelderks recommended that Petitioner's Petition for Writ of Habeas Corpus be denied without prejudice on the grounds that it is untimely, because Petitioner's post-conviction claims are pending before the Oregon Supreme Court. At this stage in the proceeding, Petitioner has little likelihood of success on the merits. Although Petitioner also filed a motion for a "conditional abeyance," Judge Jelderks concluded that a stay is not appropriate in this case. The Court agrees, and concludes that on this particular matter, as well, Petitioner also has little likelihood of success on the merits. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (discussing where a stay is appropriate in a "mixed petition" case).

Finally, Petitioner has filed a motion to set aside all Findings and Recommendation and to restrain the DOJ from enforcing certain laws (ECF 27). This motion is denied as moot.

The Court **ADOPTS** Judge Jelderks' Findings and Recommendation, ECF 15, and further **ADOPTS** Judge Jelderks' Supplemental Findings and Recommendation, ECF 19. Respondent's motion to dismiss (ECF 10) is therefore GRANTED, and Petitioner's Petition for Writ of Habeas Corpus (ECF 1) is dismissed without prejudice. Petitioner's motion for injunctive relief (ECF 8), for a conditional abeyance (ECF 9), and to quash DOJ's motion to dismiss

(ECF 14) are DENIED. Petitioner's motion to disqualify DOJ, for the Court to recuse itself, and for judgment on the pleadings (ECF 18) is also DENIED. Petitioner's motion for DOJ to show cause (ECF 22), motion for court appointed counsel (ECF 23), and motion to set aside all Findings and Recommendations and for injunctive relief (ECF 27) are DENIED. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 1st day of June, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge